UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OSCAR SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:99-0731 |
| ) | Judge Trauger |
| RICKY BELL, WARDEN, ) | |
| ) | |
| Respondent. ) | |

ORDER UPON REMAND

This action was remanded to the district court on May 18, 2006 "for additional consideration of Smith's COA [certificate of appealability] request." (DE # 204, p. 1) Specifically, the Court of Appeals for the Sixth Circuit remanded this case "for an individualized determination of which issues, if any, warrant the grant of a certificate of appealability." (DE # 204, p. 2) The petitioner has filed supplemental authority (DE # 205), and the respondent has responded to that filing (DE # 206). The court construes the Order of remand to require an individualized assessment of all of the petitioner's claims, those that were reached on the merits as well as those that were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review.

When the district court denies a ground for relief on the merits, a certificate of appealability ("COA") "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484; *see Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Where the district court denies *habeas* relief on procedural grounds without reaching the underlying constitutional claim, a COA may issue only if the court finds that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Id*. With respect to claims that are dismissed on procedural grounds, the Supreme Court noted further that:

> Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also some other ground upon which the case may be disposed of' . . . allows and encourages the court to first resolve procedural issues.

*Id*. at 485 (citing *Ashwander v. TVA*, 297 U.S. 288 (1936)). In other words, if the district court determines that an issue is procedurally defaulted, then there is no requirement to address the issue on the merits.

In the instant case, the court began its analysis of Smith's claims by conducting an "individualized determination" of specific claims and factual predicates that the respondent argued were procedurally defaulted. (DE # 201, pp. 22-34) The individual claims and factual predicates addressed by the court in this part of its analysis are repeated below, the paragraph numbers indicated referring to the paragraphs in the court's earlier Memorandum. The analysis in the court's Memorandum regarding how it determined that the claims/factual predicates at issue were unexhausted or waived is incorporated herein by reference.

¶ IV.B.1: Defense counsel were ineffective for not investigating and presenting the defense that the murders were committed by an unidentified black man or that they were drug related. (DE # 18, ¶ 8.a.2)-a.3), pp. 3-4)[1] The court determined that these factual predicates were unexhausted. (DE # 201, pp. 22-23)[2]

¶ IV.B.2: Defense counsel were ineffective for not establishing a stronger defense to the charges and/or bolstering the petitioner's alibi defense by challenging the prosecution's theory as to the time of death based on whether an alarm clock in the house was on or off and whether the

---

[1]  References to the record appearing here are to that part of the record where the claim/factual predicate may be found.

[2]  References to the record appearing here are to the court's earlier Memorandum.

2

back door to the house was ajar. (DE # 18, ¶ 8.b.4)(a), 4)(d), pp. 5-6) The court determined that these factual predicates were unexhausted. (DE # 201, p. 23)

¶ IV.B.3: Defense counsel were ineffective for not conducting a forensic investigation to establish reasonable doubt as to the petitioner's guilt or to bolster the petitioner's alibi based on: a) unidentified fingerprints found at the crime scene; b) hair evidence found in Jason's hand; c) fingernail scrapings taken from the victims; d) evidence on the sheet where Judith was found to prove that the bloody palm print was not made by the petitioner at the time of the murders, as well as other unspecified evidence that was inconsistent with the petitioner's guilt; e) footprints outside the house; f) a glove found in the house; g) a belt found in the hallway; h) ballistics evidence; i) the alarm clock; j) a partially eaten bologna sandwich; k) serological and other trace evidence. (DE # 18, ¶ 8.c.1)-5), 7)-10), 12)-13), pp. 6-8) The court determined that these factual predicates were unexhausted. (DE # 201, pp. 23-24)

¶ IV.B.4: Defense counsel were ineffective for not retaining the services of a criminologist to cross-examine Sgt. Hunter about the telephone being off the hook. (DE # 18, 8.e.3), p. 9) The court determined that this factual predicate was unexhausted. (DE # 201, p. 24)

¶ IV.B.5: Defense counsel were ineffective for not challenging that "the prosecution sent Detective McElroy to be with the woman who answered the 911call and remained with her until she agreed that the tape said what the transcript said," thereby resulting in a due process violation. (DE # 18, ¶ 8.g, p. 9) The court determined that this factual predicate was unexhausted. (DE # 201, p. 25)

¶ IV.B.6: Defense counsel were ineffective for not consulting with the petitioner regarding the following: a) conceding the time of death; b) the significance of the crime scene evidence; c) the decision not to present evidence from a medical examiner or forensic scientist; d) the decision not to examine the broken knife found under the house; e) the issue of who was lead counsel, that the investigator had been removed prior to trial, and defense counsel's simultaneous representation of a prosecution witness named Larry Terlecki; f) the jury selection process, including the decision not to use any peremptory challenges; g) the decision not to cross-examine Watts regarding his testimony about the petitioner's guns. (DE # 18, ¶ 8.h, pp. 9-10) The court determined that this claim was unexhausted. (DE # 201, p. 25)

¶ IV.B.7: Defense counsel were ineffective for not exercising any peremptory challenges during jury selection. (DE # 18, ¶ 8.i., p. 10) The court determined that this claim was unexhausted. (DE # 201, pp. 25-26)

¶ IV.B.8: Defense counsel were ineffective for not investigating and/or challenging the TBI's ballistics and serology tests and the FBI's tests performed on the audio tape, hair, and fiber evidence. (DE # 18, ¶ 8.j, p. 10) The court determined that this claim was unexhausted. (DE # 201, p. 26)

¶ IV.B.9: The "reasonable doubt" jury instruction at both the guilt and penalty phases was

3

unconstitutional.  (DE # 18, ¶ 9, pp. 11-13)  The court determined that this claim was waived.  (DE # 201, p. 26)

¶ IV.B.10:  The trial court erred because it did not suppress the statements that the petitioner made to the police in violation of his rights under the Fourth and Eighth Amendments.  (DE # 18, ¶ 10, pp. 13-14)  The court determined that these factual predicates were unexhausted.  (DE # 201, pp. 26-27)

¶ IV.B.11:  The following aggravating circumstances weighed and applied by the jury were unconstitutional: a) the "heinous, atrocious, or cruel" (HAC) aggravating circumstance; b) the "felony-murder" aggravating circumstance; c) the "avoiding-arrest" aggravating circumstance; d) the "mass-murder" aggravating circumstance.  (DE # 18, ¶¶ 11.a-d, pp. 15-20)  The court determined that these factual predicates were unexhausted or waived.  (DE # 201, pp. 27-28)

¶ IV.B.12:  Defense counsel at sentencing were ineffective for failing to investigate and present evidence of the petitioner's mental health, for failing to object to the constitutionality of the death penalty, and for failing to object to the instruction that "only allowed consideration of 'extreme' mental or emotional disturbance as a mitigating factor."  (DE # 18, ¶ 12.a-b, c.2, pp. 20-21)  The court determined that these factual predicates were unexhausted.  (DE # 201, p. 28)

¶ IV.B.13:  The State engaged in improper, unconstitutional, and inflammatory arguments.  (DE # 18, ¶ 13, pp. 22-23)  The court determined that this claim was waived.  (DE # 201, pp. 28-19)

¶ IV.B.14:  Sergeant Hunter's testimony concerning the ALS violated the petitioner's rights under the Sixth, Eighth, and Fourteenth Amendments.  (DE # 18, ¶ 14, p. 23)  The court determined that this claim was unexhausted.  (DE # 201, p. 29)

¶ IV.B.15:  The trial court erred in admitting an enhanced version of the 911 tape and a transcript of that enhanced tape in violation of the petitioner's Eighth Amendment rights.  (DE # 18, ¶ 15, pp. 24-25)  The court determined that this factual predicate was unexhausted.  (DE # 201, p. 29)

¶ IV.B.16:  The jury instructions on premeditation and deliberation were constitutionally defective and violative of the petitioner's rights under the Sixth, Eighth, and Fourteenth Amendments.  (DE # 18, ¶ 16, p. 25)  The court determined that this claim was waived.  (DE # 201, pp. 29-30)

¶ IV.B.17:  The jury instruction on witness credibility was constitutionally defective.  (DE # 18, ¶ 18, pp. 25-26)  The court determined that this claim was waived.  (DE # 201, p. 30)

¶ IV.B.18:  The expert witness jury instruction was constitutionally defective.  (DE # 18, ¶ 19, p. 26)  The court determined that this claim was waived.  (DE # 201, p. 30)

¶ IV.B.19:  The jury instruction on mitigating evidence was constitutionally defective.  (DE

4

# 18, ¶ 20, p. 26) The court determined that this claim was waived. (DE # 201, p. 30)

¶ IV.B.20: The testimony of Robirds and Fields violated the petitioner's rights under the Sixth, Eighth, and Fourteenth Amendments. (DE # 18, ¶¶ 21.a-e, pp. 26-27) Zastrow's testimony pertaining to Judith's fear of the petitioner and Gunther's testimony pertaining to threats that she overheard the petitioner make to Judith violated the petitioner's rights under the Eighth Amendment. (DE # 18, ¶¶ 21.a-e, pp. 26-27) The court determined that these factual predicates were unexhausted. (DE # 211, ¶ 20, p. 31)

¶ IV.B.21: The Tennessee death penalty statute is unconstitutional under the grounds set forth in sub-paragraphs a, e-g, i, l-o in paragraph 22 of the petition. (DE # 18, ¶ 22, pp. 27-28) The court determined that these factual predicates were waived. (DE # 201, pp. 31-32)

Claim ¶ IV.B.22: The trial court erred in not giving the jury instructions requested by the defense. (DE # 18, ¶ 23, pp. 29-30) The court determined that this claim was waived. (DE # 201, p. 32)

¶ IV.B.23: Appellate counsel were ineffective for failing to raise the trial court's refusal to provide an instruction to the jury clarifying mass-murder, and an instruction that the jury could return a life sentence even if the aggravating circumstances outweighed the mitigators. (DE # 18, ¶ 24.a.7)-8), pp. 30-31) Appellate counsel also were ineffective for not raising the prejudicial effect of the 911 transcript. (DE # 18, ¶ 24.b, p. 31) The court determined that these claims were unexhausted. (DE # 201, 32)

¶ IV.B.24: Execution by electrocution constitutes cruel and unusual punishment.[3] (DE # 18, ¶ 25, p. 31; DE # 19, pp. 48-49) The court determined that this claim was unexhausted. (DE # 201, pp. 32-33)

¶ IV.B.25: The death penalty violates the petitioner's right to life. (DE # 18, ¶ 26, p. 31) The court determined that this claim was unexhausted. (DE # 201, p. 33)

¶ IV.B.26: The death penalty constitutes cruel and unusual punishment given the length of time that the petitioner has been incarcerated under a sentence of death. (DE # 18, ¶ 27, pp. 31-32) The court determined that this claim was unexhausted. (DE # 201, p. 33)

¶ IV.B.27: The cumulative effect of errors in both phases of the trial rendered the determination of guilt and the sentencing unconstitutional under the Sixth, Eighth, and Fourteenth Amendments. (DE # 18, ¶ 28, p. 32; DE # 19, 32) The court determined that this claim was unexhausted. (DE # 201, pp. 33-34)

The court addressed each of the foregoing claims/factual predicates that it determined were

---

[3] This claim was addressed on the merits anyway in an accompanying footnote. (DE # 201, p. 33 n. 22)

5

unexhausted and, after analyzing them under Tennessee law, concluded that they were procedurally defaulted under state law. (DE # 201, ¶ IV.C, pp. 34-37) The court also addressed each of the claims/factual predicates that it had determined were waived and, after analyzing them under Tennessee law, concluded that they, too, were procedurally defaulted under state law. (DE # 201, ¶ IV.D, pp. 37-39) The court then conducted a detailed cause-and-prejudice analysis (DE # 201, ¶ IV.E, pp. 39-53), including ineffective assistance at trial and on direct appeal as cause (DE # 102, ¶ IV.E.1.a-b, pp. 40-43), applying its analysis to each of the claims/factual predicates identified above (DE # 201, ¶ IV.E.2.a-o, pp. 43-53). Concluding its analysis by addressing Smith's claim of "actual innocence," the court determined that Smith had failed to make a showing of "actual innocence." (DE # 201, ¶ IV.F, p. 53)

Based on its 38-page procedural default analysis, the court concluded that these claims/factual predicates were procedurally defaulted for purposes of federal *habeas corpus* review. The court has reexamined its earlier determination as to these claims/factual predicates and concludes that its previous findings were correct. The court finds further that "jurists of reason would [not] find it debatable [that] the . . . court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because both parts of the inquiry must be satisfied, the court need not determine as well as to each whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Therefore, a COA will not issue as to any of the claims/factual predicates identified above.

Following the foregoing procedural default analysis, the court engaged in a claim-by-claim analysis of the remaining grounds for relief, *i.e.*, those claims that the respondent did not argue were procedurally defaulted. As noted below, some of the claims addressed in the second part of the court's analysis were independently determined to have been procedurally defaulted for purposes

6

of federal *habeas corpus* review. Except as noted to the contrary below, those claims were addressed on the merits anyway. Moreover, there were several claims that Smith was permitted to raise at the *habeas corpus* evidentiary hearing that were later determined to have been procedurally defaulted for purposes of federal *habeas corpus* review. As shown below, those claims were addressed on the merits as well.

The analysis in the court's Memorandum pertaining to the following claims is incorporated herein by reference. Footnotes are provided to show where factual predicates pertaining to a particular claim were determined to have been procedurally defaulted for purposes of *habeas corpus* review in the first part of the court's analysis.

¶ IV.H.1:[4] Whether the trial court erred in not suppressing statements that the petitioner made to the police. (DE # 18, ¶ 10, pp. 13-14: DE # 23, ¶ IV, p. 9; DE # 103, ¶ VIII, pp. 104-112) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 54-56) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Slack*, 529 U.S. at 484.

¶ IV.H.2:[5] Whether the "avoiding-arrest" and "mass-murder" aggravating circumstances were supported by the evidence. (DE # 18, ¶ 11.c-d, pp. 18-20) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 56-59) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.H.3:[6] Whether the trial court erred in admitting an enhanced version of the 911 tape and a transcript of that tape. (DE # 18, ¶ 15, 15.e, p. 24) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 59-61) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

---

[4] Factual predicates pertaining to this claim, noted *supra* at ¶ IV.B.10, p. 9, were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review in the first part of the court's analysis.

[5] Factual predicates pertaining to this claim, noted *supra* at ¶ IV.B.11, p. 9, were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review in the first part of the court's analysis.

[6] Factual predicates pertaining to this claim, noted *supra* at ¶ IV.B.15, p. 10, were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review in the first part of the court's analysis.

¶ IV.H.4: Whether the evidence was sufficient to support the petitioner's convictions. (DE # 18, ¶ 17, p. 25; DE # 103, ¶ IX, p. 112)  The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief.  (DE # 201, pp. 61-62)  Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.H.5:[7]  Whether the trial court erred in admitting the hearsay testimony of Zastrow and Gunther pertaining to Judith's fear of the petitioner. (DE # 18, ¶ 21.b, d, p. 27)  The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 63-65)  Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.H.6:[8] Whether Tennessee's death penalty statute is unconstitutional. (DE # 18, ¶¶ 22.b-d, h, j-k,, pp. 27-28)  The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief.  (DE # 201, p. 65)  Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.I.1:  Whether the ineffective assistance standard applied by the Court of Criminal Appeals was correct. (DE # 103, ¶ I.B.1, pp. 8-12; DE # 105, ¶ 3, p. 2; DE # 181, pp. 53-56)  The court determined this claim to be procedurally defaulted (DE # 201, pp. 66-67) but addressed the claim on the merits anyway (DE # 201, pp. 67-73).  In addressing this claim on the merits, the court concluded that the petitioner was not entitled to *habeas corpus* relief.  Jurists of reason would not find it debatable that the court was correct in its procedural determination of this claim.  *Id*.  Nor would reasonable jurists find the court's assessment of the constitutionality of this claim debatable or wrong.  Therefore, a COA will not issue.  *Id.*

¶ IV.I.2:[9]  Whether defense counsel provided ineffective assistance because they did not investigate and present evidence that Fields committed the murder. (DE # 18, ¶¶ 8.a.1)(a)-(d), p. 23; DE # 23, ¶ II, p. 3; DE # 103, ¶ I.B.2, p.17; DE # 109, III.A, pp. 13, 22)  The court determined this claim to be procedurally defaulted as to two of the factual predicates (DE # 201, pp. 74-75) and addressed the remaining factual predicate on the merits (DE # 201, pp. 75-76)  In addressing this claim on the merits, the court concluded that the petitioner was not entitled to *habeas corpus* relief.  Jurists of reason would not find it debatable that the court was correct in its procedural determination as to the two procedurally defaulted factual predicates.  *Id*.  Nor would reasonable jurists find the court's assessment of the constitutionality of the remaining factual predicate debatable or wrong.

---

[7]  Factual predicates pertaining to this claim, noted *supra* at ¶ IV.B.20, pp. 10, were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review in the first part of the court's analysis.

[8]  Factual predicates pertaining to this claim, noted *supra* at ¶ IV.B.21, p. 10, were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review in the first part of the court's analysis.

[9]  Factual predicates pertaining to this claim, noted *supra* at ¶ IV.B.1, p. 8, were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review in the first part of the court's analysis.

8

Therefore, a COA will not issue. *Id.*

¶ IV.I.3:[10] Whether defense counsel provided ineffective assistance because they did not establish a defense to the charges/bolster the petitioner's alibi defense. (DE # 18, ¶¶ 8.b, b(1)-(4)(b)-(c), pp. 4-6; DE # 23, ¶ II, p. 3; DE # 103, I.B1.b.3, pp. 18-20; DE # 109, III.A, pp. 12-14; DE # 181, ¶ I.A.5, p. 27) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 76-79) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.I.4:[11] Whether defense counsel provided ineffective assistance because they did not conduct a forensic investigation. (DE # 18, ¶ 8.c.6), 11), pp. 5-8; DE # 23, ¶ II, pp. 5-6; DE # 103, ¶ I.B.1.b, pp. 13–23; DE # 181, ¶¶ I.A.3-4, pp. 20-27) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 79-80) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.I.5: Whether defense counsel provided ineffective assistance because they did not obtain the assistance of a forensic pathologist. (DE # 18, ¶¶ 8.d, p. 8; DE # 23, ¶ II, pp. 5-6; DE # 103, ¶ I.B.1.b, pp. 13–23; DE # 109, III.A, pp. 13; DE # 181, ¶ I.A.3, pp. 20-27) (DE # 201, pp. 80-83) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 80-83) Because jurists of reason would not the find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.I.6:[12] Whether defense counsel were ineffective for not obtaining the assistance of a criminologist. (DE # 18, ¶¶ 8.e(1)-(3), pp. 8-9; DE # 23, ¶ II, p. 6) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 83-85) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.I.7: Whether defense counsel were ineffective for not securing the support of a linguist. (DE # 18, ¶ 8.f, p. 9; DE # 23, ¶ II, p. 6; DE # 103, ¶ I.B.1.c.1), p. 20) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 85-86) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

---

[10] Factual predicates pertaining to this claim, noted *supra* at ¶ IV.B.2, p. 8, were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review in the first part of the court's analysis.

[11] Factual predicates pertaining to this claim, noted *supra* at ¶ IV.B.3, p. 8, were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review in the first part of the court's analysis.

[12] Factual predicates pertaining to this claim, noted *supra* at ¶ IV.B.4, p. 8, were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review in the first part of the court's analysis.

9

¶ IV.I.8:[13] Whether defense counsel were ineffective for not obtaining the services of a speech perception expert. (DE # 18, ¶ 8.g, p. 9; DE # 23, ¶ II, p. 6; DE # 103, ¶ I.B.1.b.3(1), p. 19) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 86-88) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.I.9: Whether defense counsel were ineffective for not challenging the constitutionality of the following jury instructions during the guilt/innocence phase. (DE # 201, pp. 88-98)

> ¶ IV.I.9.a: Witness credibility. (DE # 18, ¶ 8.k.1), p. 11) The court determined this claim to be procedurally defaulted (DE # 201, pp. 89-90) but addressed the claim on the merits anyway (DE # 201, pp. 90-92). In addressing this claim on the merits, the court concluded that the petitioner was not entitled to *habeas corpus* relief. Jurists of reason would not find it debatable that the court was correct in its procedural determination of this claim. *Id.* Nor would reasonable jurists find the court's assessment of the constitutionality of the claim debatable or wrong. Therefore, a COA will not issue. *Id.*

> ¶ IV.I.9.b: Premeditation and deliberation. (DE # 18, ¶ 8.k.2), p. 11) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 92-93) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

> ¶ IV.1.9.c: Expert testimony. (DE # 18, ¶ 8.k.3), p. 11) The court determined this claim to be procedurally defaulted (DE # 201, p. 94) but addressed the claim on the merits anyway (DE # 201, pp. 94-95). In addressing this claim on the merits, the court concluded that the petitioner was not entitled to *habeas corpus* relief. Jurists of reason would not find it debatable that the court was correct in its procedural determination of this claim. *Id.* Nor would reasonable jurists find the district court's assessment of the constitutionality of the claim debatable or wrong. Therefore, a COA will not issue. *Id.*

> ¶ IV.I.9.d: Reasonable doubt. (DE # 18, ¶ 8.k.4), p. 11) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 95-98) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not

---

[13] Factual predicates pertaining to this claim, noted *supra* at ¶ IV.B.5, p. 9, were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review in the first part of the court's analysis.

10

issue. *Id.*

¶I.V.I.10:[14] Whether defense counsel were ineffective for not objecting to the following jury instructions at sentencing. (DE # 201, pp. 98-107)

> ¶ IV.I.10.a: The HAC aggravating circumstance instruction. (DE # 18, ¶ 12.c.1; DE # 32, ¶ III, pp. 20-22; DE # 47, ¶ III, pp. 6-9; DE # 103, ¶ I.B.2, pp. 27-29; DE # 109, ¶ II.B, pp. 17-18) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 98-99) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

> ¶ IV.I.10.b: The "felony murder" aggravating circumstance instruction. (DE # 18, ¶ 12.c.3), p. 21; DE # 103, ¶ I.B.2, p. 28) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 99-101) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

> ¶ IV.I.10.c: The reasonable doubt jury instruction. (DE # 18, ¶ 12.c.4), p. 21) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, p. 102) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

> ¶ IV.I.10.d: The expert witness credibility instruction. (DE # 18, ¶ 12.c.5), p. 21) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 102-103) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

> ¶ IV.I.10.e: The witness credibility instruction. (DE # 18, ¶ 12.c.6), p. 21) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, p. 104) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong,

---

[14] Factual predicates pertaining to this claim, noted *supra* at ¶ IV.B.12, p. 9, were determined to have been procedurally defaulted for purposes of federal *habeas corpus* review in the first part of the court's analysis.

11

a COA will NOT issue. *Id.*

¶ IV.I.10.f: The alleged burden-shifting instruction. (DE # 18, ¶ 12.c.7), p. 21) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 104-105) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.I.10.g: Instructions containing the term "unanimously." (DE # 18, ¶ 12.c.8) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 106-107) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.I.11: Whether defense counsel were ineffective for not objecting to improper argument. (DE # 18, ¶ 12d, pp. 22-23; DE # 12, ¶ VI, p. 14; DE # 103, ¶ I.B.3, pp. 29-30) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 107-109) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.I.12: Whether counsel on appeal were ineffective. (DE # 18, ¶ 24, p. 30; DE # 109, ¶ III, p. 17) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 109-111) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.J: Claims raised in the *habeas* evidentiary hearing. (DE # 201, pp. 111-124)

¶ IV.J.1: Whether defense counsel provided ineffective assistance by not investigating/challenging the time of death. (DE # 18, ¶¶ 8.b, 8.d, 8.e.1, 8.h, pp. 4, 8-9) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 112-114) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.J.2: Whether defense counsel provided ineffective assistance for not investigating the bloody palm print found at the crime scene. (DE # 18, ¶ 8c.4), p. 6; DE # 103, ¶ I.B.1.a), pp. 13-15; DE # 181, ¶ I.A.1-2, pp. 3-20) Although the court had determined that this claim was

12

procedurally defaulted (DE # 201, p. 115),[15] it permitted Smith to raise it at the evidentiary hearing and subsequently addressed the claim on the merits (DE # 201, pp. 115–117). In addressing this claim on the merits, the court concluded that the petitioner was not entitled to *habeas corpus* relief. Jurists of reason would not find it debatable that the court was correct in its procedural determination of this claim. *Id*. Nor would reasonable jurists find the court's assessment of the constitutionality of this claim debatable or wrong. Therefore, a COA will not issue. *Id.*

¶ IV.J.3: Whether defense counsel were ineffective for not investigating the knife found under the victims' house. (DE # 18, ¶ 8.c.6), p. 6; DE # 23, ¶ II, pp. 5-6; DE # 103, ¶ I.B.1.b.1)b), pp. 15-16; DE # 105, p. 2; DE # 181, ¶ I.A.4, pp. 24-27) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 118-120) Because reasonable jurists would not find the district court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.J.4: Whether defense counsel were ineffective for not hiring a forensic criminologist to assist with Sgt. Hunter's testimony. (DE # 18, ¶¶ 14.b-c, p. 23; DE #103, ¶ I.B.1b.1)a), pp.13-14; DE # 109, ¶ II.A, pp. 12-13DE # 181, ¶ I, p. 2) Although the court had determined that this claim was procedurally defaulted (DE # 201, p. 121),[16] it permitted Smith to raise it at the evidentiary hearing and subsequently addressed the claim on the merits (DE # 201, pp. 121–124). In addressing this claim on the merits, the court concluded that the petitioner was not entitled to *habeas corpus* relief. Jurists of reason would not find it debatable that the court was correct in its procedural determination of this claim. *Id*. Nor would reasonable jurists find the court's assessment of the constitutionality of this claim debatable or wrong. Therefore, a COA will not issue. *Id.*

¶ IV.K: Petitioner's post-evidentiary hearing motions. (DE # 201, pp. 124-142)

¶ IV.K.1: Petitioner's claim that the prosecution presented perjured testimony and withheld evidence. (DE # 185, 186) The court

---

[15] As previously noted, *supra* at ¶ IV.B.3, p. 8, the respondent argued that this claim was procedurally defaulted and the court found that it was.

[16] As previously noted, *supra* at ¶ IV.B.14, p. 10, the respondent argued that this claim was procedurally defaulted and the court found that it was.

13

determined not only that it was procedurally defaulted but that it was filed beyond the AEDPA's one-year limitations period. (DE # 201, pp. 125-126) However, the court addressed the claim on the merits anyway (DE # 201, pp. 126-127). In addressing this claim on the merits, the court concluded that the petitioner was not entitled to *habeas corpus* relief. Jurists of reason would not find it debatable that the court was correct in its procedural determination of this claim. *Id.* Nor would reasonable jurists find the court's assessment of the constitutionality of the claim debatable or wrong. Therefore, a COA will not issue. *Id.*

¶ IV.K.2: The petitioner's request for relief under the Schaivo Act. (DE # 195) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 102, pp. 127-129) Because reasonable jurists would not find the district court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.K.3: The petitioner's request for a second evidentiary hearing based on allegations of perjury against Dr. Charles Harlan. (DE # 181) The court addressed the petitioner's claims pertaining to Dr. Harlan, concluded that they were without merit, and denied his motion. (DE # 201, pp. 129-135) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

¶ IV.K.4: The petitioner's claim of actual innocence. (DE # 103, pp. 13-18, Ex. 11-12; DE # 104, pp. 2; DE # 9, pp. 15-16; DE # 181, pp. 17-20, 24-27) The court addressed this claim on the merits and concluded that the petitioner was not entitled to *habeas corpus* relief. (DE # 201, pp. 135-142) Because reasonable jurists would not find the court's assessment of the constitutionality of this claim debatable or wrong, a COA will not issue. *Id.*

As reasoned herein, a COA will not issue from this court as to any of Smith's claims. The

Clerk is requested to return the record to the Sixth Circuit Court of Appeals.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge

15