IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OSCAR SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:99-cv-0731 |
| ) | Judge Trauger |
| WAYNE CARPENTER, Warden, ) | |
| ) | DEATH PENALTY CASE |
| Respondent. ) | |

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR DISCOVERY

Pending before the court is Petitioner's Motion For Discovery (ECF No. 239) pursuant to Rule 6(a) of the Rules Governing § 2254 Cases (Habeas Rules), to which the respondent has responded in opposition (ECF No. 248), and the petitioner has replied in support (ECF No. 249). The motion is now ripe for review.

The court has the discretion to permit discovery under Rule 6(a) for "good cause," which the Supreme Court has found to exist "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908 (1997). This standard does not require a district court to permit "a fishing expedition masquerading as discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

### I. Background

This court denied the petition in this case on September 30, 2005 (ECF Nos. 201, 202), and the United States Court of Appeals for the Sixth Circuit affirmed the denial in June 2010. *Smith v. Bell*, 381 F. App'x 547 (6th Cir. 2010). In March 2012, the United States Supreme Court granted certiorari, vacated the judgment and remanded to the Sixth Circuit for further consideration in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). (ECF No. 213.). Finding that *Martinez* was inapposite to the issues it considered in this case, the Sixth Circuit reinstated its

June 2010 judgment. (ECF No. 214.) Petitioner again petitioned for certiorari, and in June 2013 the Supreme Court again granted certiorari and vacated the judgment, this time for further consideration in light of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). (ECF No. 217.) The Sixth Circuit promptly remanded the case to this court to conduct that reconsideration. (ECF No. 218.)

The sea change in federal habeas corpus review effected by *Martinez*, applicable in Tennessee by virtue of *Trevino* and *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014), relates to the review of procedurally defaulted claims. As the court explained more fully in its previous memorandum (ECF No. 201, at 20–22), when a habeas petitioner has failed to fully exhaust a claim in state court and is now unable to do so because of a statute of limitations or other state procedural rule, the claim is considered to be procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991). Except in cases where the petitioner can establish that he is actually innocent, federal habeas review of the merits of defaulted claims is prohibited unless the petitioner demonstrates cause for, and prejudice from, his default. *Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002). At the time the court denied this petition in 2005, "the law [was] firmly settled that ineffective assistance of counsel in state post-conviction proceedings can never establish cause, because there is no constitutional right to effective assistance of counsel in such collateral proceedings in the first place." (ECF No. 201, at 41–42 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), *Coleman*, 501 U.S. at 742–53, and *Ritchie v. Eberhart*, 11 F.3d 587, 590 (6th Cir. 1993)).) This court applied that rule in holding that several of the petitioner's claims were procedurally defaulted and not subject to review on habeas corpus.

Seven years after this court rejected those claims as defaulted, and two years after the Sixth Circuit affirmed, the Supreme Court held in *Martinez* that the ineffective assistance of post-conviction counsel <u>can</u> establish "cause" to excuse the procedural default of a defendant's substantial claim of ineffective assistance at trial, but only where state procedural law prohibits defendants from raising such claims on direct appeal and requires defendants to raise the

2

claims for the first time in post-conviction proceedings. *Martinez*, 132 S.Ct. at 1318–19. Less than a year later, the Supreme Court in *Trevino* extended *Martinez* to apply to cases where, although state procedural law might permit defendants to raise ineffective-assistance claims on direct appeal, a state's "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 133 S. Ct. at 1921.

Applying *Trevino*, the Sixth Circuit Court of Appeals has recognized that "Tennessee defendants, too, are highly unlikely to have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Sutton v. Carpenter*, 745 F.3d 787, 792 (6th Cir. 2014). The court therefore held, based on *Martinez* and *Trevino*, that "ineffective assistance of post-conviction counsel can establish cause to excuse a Tennessee defendant's procedural default of a substantial claim of ineffective assistance at trial." *Id.* at *7 (citations omitted).

**II. Completely Defaulted Ineffective-Assistance-of-Trial-Counsel Claims**

On remand, therefore, the court in this matter must determine whether the petitioner can demonstrate cause and prejudice under *Martinez* in connection with his ineffective-assistance claims that were previously rejected as defaulted. To the extent that his claims fall within the scope of *Martinez*, therefore, the petitioner is entitled to investigate and discover any evidence tending to establish the ineffectiveness of post-conviction counsel and the substantiality of his underlying claims. *See Sanders v. White*, No. 03-455-ART, 2015 WL 4394169, at *6 (E.D. Ky. July 15, 2015) (granting in part Rule 59 motion and allowing petitioner to "proceed to fact development to determine whether he can prevail on [*Martinez*] argument").

Petitioner's ineffective-assistance-of-trial-counsel claims that this court previously rejected on the basis of default included the following:

- Claim 8.a.2) and 3) – Trial counsel were ineffective at the guilt phase by failing to investigate and present evidence that a black male was the perpetrator and that the

3

murders were drug- and/or robbery-related. (ECF No. 18, at 2–4; ECF No. 201, at 22–23, 42–43.)

- Claim 8.b.4)(a) and (d) – Trial counsel were ineffective at the guilt phase by failing to challenge the alleged time of death and support the petitioner's alibi by investigating and presenting evidence that an alarm clock set for 5:00 was not ringing when the bodies were discovered, indicating that they had been killed after waking that morning, and evidence that the back door had been closed at 11:30 the previous night but was found ajar on the afternoon that the bodies were discovered. (ECF No. 18, at 4–6; ECF No. 201, at 23, 42–43.)

- Claim 8.c.1) – Trial counsel were ineffective at the guilt phase by failing to conduct forensic investigation and present evidence that fingerprints from the crime scene were not associated with the petitioner. (ECF No. 18, at 6; ECF No. 201, at 23–24, 42–43.)

- Claim 8.c.5) – Trial counsel were ineffective at the guilt phase by failing to conduct forensic investigation and present evidence regarding unidentified foot and shoe prints (and casts created from them) found outside the house. (ECF No. 18, at 6–7; ECF No. 201, at 23–24, 42–43.)

Accordingly, the petitioner's Discovery Requests 1, 2, 4 and 5, each of which relates to one or more of the defaulted ineffective-assistance claims identified above, are **GRANTED**.

### III. Allegedly Ineffectively Handled Ineffective-Assistance Claims

Petitioner's Discovery Request 3, however, is in a different category. This request relates to Claims 8.b.4)(c) and 8.c.11), which allege that trial counsel were ineffective at the guilt phase for failing to challenge the time of death and bolster the petitioner's alibi by investigating and presenting evidence that a hair dryer was running when the bodies were found but had not been heard by police at 11:30 the previous night. Unlike the defaulted claims at issue in *Martinez*, *Trevino* and *Sutton*, this claim <u>was</u> raised by post-conviction counsel and simply found by the state courts to be without merit:

> The petitioner also testified that his attorneys did not inquire, upon the petitioner's request, how long a hair dryer could run before turning off from overheating when a hair dryer was found running near Jason's body.
> \* \* \*
> Newman [testified that he] did not investigate the fact that a hair dryer was running when the bodies were found, but he testified that this did not affect their defense.
> \* \* \*
> The petitioner claims that conceding the time of death affected counsel's ability to investigate other circumstances of the crime scene. The petitioner challenges counsel's failure to investigate whether or not a hair dryer that was found at the

4

> scene was turned on or off. The petitioner states that the officers responding to the 911 call did not hear any noise coming from the house, but notes that the person who discovered the bodies supposedly heard a hair dryer. The petitioner does not suggest, however, how this played into his defense. The petitioner does not even argue why defense counsel was ineffective for failing to investigate this. There is nothing in the record to indicate the condition of the hair dryer could have bolstered the alibi defense or changed the outcome of the trial.

*Smith v. State*, No. 01C01-9702-CR-00048, 1998 WL 345353, at *12, 15, 21 (Tenn. Ct. Crim. App. June 30, 1998). Accordingly, this court did not reject these claims as procedurally defaulted, but reviewed their merits with the deference to the state judgments required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and concluded that the state court's "determination that defense counsels' representation was not deficient . . . was not contrary to, or an unreasonable application of, clearly established federal law." (ECF No. 201, at 79, 80.) The court therefore found the claims were without merit. (*Id.*)

The petitioner acknowledges that "*Martinez* itself only speaks directly to a complete procedural default of an ineffectiveness claim during post-conviction proceedings," but he argues at length that *Martinez* "applies with equal force to a post-conviction ineffectiveness claim that may have been presented in the post-conviction trial court, but which post-conviction counsel ineffectively presented or ineffectively failed to prove during those proceedings." (ECF No. 249, at 6.) Indeed, a careful reading of *Martinez* reveals that the post-conviction ineffectiveness to which it refers is never expressly limited to failure to raise a claim but appears to encompass the entirety of "[i]nadequate assistance of counsel at initial-review collateral proceedings" with respect to a claim of ineffective assistance of trial counsel. *Martinez*, 132 S. Ct. at 1315. And to be sure, the consequences for a petitioner are the same, regardless of whether his post-conviction counsel ineffectively fails to raise a claim or ineffectively fails to support the claim on initial review. The petitioner's argument thus has some force purely as a matter of logic. As a matter of law, however, the petitioner does not cite any post-*Martinez* case law (a minority dissent from the denial of certiorari notwithstanding) in support of his position.

5

And the court is mindful that the entire point of *Martinez* was the establishment of cause to overcome the bar of procedural default, which is not in issue when a claim has been raised and decided on its merits in state court.

The Sixth Circuit has not yet addressed this particular question, and courts considering this issue have come out on both sides. *Compare, for example, Haight v. White*, No. 3:02-CV-P206-S, 2013 WL 5146200, at *8 (W.D. Ky. Sept. 12, 2013) ("*Martinez* is clear that errors by post-conviction attorneys in collateral proceedings that rise to the level of ineffective assistance of counsel may be sufficient to establish cause for a procedural default of an ineffective assistance of trial counsel claim. That is so whether the post-conviction attorney entirely failed to raise the claim or raised the claim, but did so in a manner that was insufficient to meet prevailing professional standards."); *and Horonzy v. Smith*, No. 1:11-cv-00235-EJL, 2013 WL 3776372, at *2 (D. Idaho July 16, 2013) (noting that, if "initial post-conviction counsel . . . failed to adequately develop the facts and seek an evidentiary hearing," this failure "would be within the *Martinez* exception"); *with Henderson v. Carpenter*, 21 F. Supp. 3d 927 (W.D. Tenn. 2014) (rejecting the petitioner's argument that "it is 'irrational' to distinguish failing to properly assert a federal claim and failing to properly develop the claim in state court" and holding that *Martinez* does not apply "where post-conviction counsel failed to develop the evidentiary basis for a claim of ineffective assistance during the initial review proceedings")[1]; *and Dorsey v. Denney*, No. 4:08-CV-2005 (CEJ), 2013 WL 451642, at *2 (E.D. Mo. Feb. 6, 2013) (where the petitioner argued under *Martinez* that "post-conviction motion counsel was ineffective for raising petitioner's claim of ineffective assistance of trial counsel, but then failing to fully develop the record regarding this claim at the evidentiary hearing," holding that *Martinez* did not apply because, "[i]n this case, there was no procedural default of the claim. While the record was not

---

[1] Like the present action, this *Henderson* decision was issued upon remand for reconsideration in light of *Martinez* and involved a dispute about whether certain claims were included in *Martinez*'s scope. *Henderson*, 21 F. Supp. 3d at 930, 933.

developed as thoroughly as petitioner desired, the claim was raised."). Instruction from the Sixth Circuit on this question may be forthcoming in the pending appeal in *Henderson*, with the Sixth Circuit having recently granted a motion to expand the certificate of appealability to include the claims that the district court ruled were outside the scope of *Martinez*. *See Henderson v. Carpenter*, Nos. 12-5028/14-5911 (6th Cir. April 14, 2015) (order re: COA).

The court is not prepared to rule on this open question at this stage of the renewed proceedings in this matter and will expect the parties to address it in their briefs. Consequently, it is not prepared to preclude the petitioner from developing his claim. While the court may ultimately agree with the respondent that the petitioner's Claims 8.b.4)(c) and 8.c.11) are not subject to reconsideration on the basis of *Martinez*, the petitioner's offer of proof in connection with those claims will preserve the record on the issue for any further review. The petitioner's Discovery Request 3 is therefore **GRANTED**.

### IV. Remaining Claims

The petitioner's Discovery Request 6, however, is **DENIED**. This request is based on Claims 12.d (trial counsel were ineffective at sentencing for failing to object to improper arguments), 13 (the prosecution engaged in improper arguments) and 24 (appellate counsel was ineffective for failing to raise "all meritorious issues on direct appeal," now ostensibly including that raised in Claim 13). This court has found that the state court's denials of these claims were "not contrary to, or an unreasonable application of, clearly established law" and that the claims were "without merit" on habeas review. (ECF No. 201, at 107–111.)

Only one of these claims – 12.d – alleges ineffective assistance of trial counsel. The petitioner raised this claim on post-conviction. The state court determined that trial counsel's decision not to object was not ineffectiveness, but instead a matter of trial strategy, and further that the prosecutor's statements in question did not require reversal in light of the overwhelming evidence against the petitioner. *Smith v. State*, No. 01C01-9702-CR-00048, 1998 WL 345353,

at *26 (Tenn. Ct. Crim. App. June 30, 1998). Because the petitioner does not allege any ineffectiveness of post-conviction counsel in the handling of this claim in state court, he cannot argue that *Martinez* requires any reconsideration of it.

Instead, the petitioner argues that he is entitled to reconsideration of the closely related Claims 13 and 24, apparently on the basis that post-conviction counsel ineffectively defaulted claim 24 specifically with the issue raised in claim 13. To clarify, although post-conviction counsel did raise issues of ineffective assistance of appellate counsel, he did not specifically assert that appellate counsel was ineffective for failing to raise the issue of improper arguments. The petitioner therefore argues that post-conviction counsel's ineffective failure to raise that ineffective-assistance-of-appellate-counsel claim constitutes cause for default and requires reconsideration under *Martinez*.[2]

In the abstract, the argument that *Martinez* should apply to defaulted claims of ineffective assistance of appellate counsel makes sense. After all, the initial post-conviction proceeding is obviously the first opportunity to raise a claim of ineffective assistance of appellate counsel; so, such a claim is no different than a claim of ineffective assistance of trial counsel in that it is defaulted forever if not raised in that proceeding – unless *Martinez* applies. But as petitioner acknowledges, the Sixth Circuit has expressly rejected the argument that *Martinez* applies to any claims other than claims for ineffective assistance of trial counsel: "We will assume that the Supreme Court meant exactly what it wrote." *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) (holding that ineffective assistance of post-conviction counsel did not excuse default of substantive mental-competence claim or of ineffective-assistance-of-appellate-counsel claim).

The petitioner thus lacks any argument in support of reconsideration of this group of claims that is viable in this circuit. Moreover, the particular discovery requested – the deposition

---

[2] The court observes that habeas counsel made an omission similar to the one for which he now faults appellate counsel, by failing to include the improper arguments in the list of issues that appellate counsel allegedly should have raised. *See* ECF No. 18, at 30–31; ECF No. 201, at 109 n.52.

8

of the prosecutor alleged to have delivered the objectionable arguments – would do nothing to support the petitioner's claims, even in an offer of proof. This court has determined that, even assuming the statements at issue were deliberate on the part of the prosecutor, the remarks "did not prejudice the petitioner or undermine the fundamental fairness of the trial." (ECF No. 201, at 109.) No amount of new information about the prosecutor's state of mind would have any bearing on that conclusion.

## V. Conclusion

For the reasons set forth above, the petitioner's Motion for Discovery (ECF No. 239) is **GRANTED** with respect to Discovery Requests 1 through 5 and **DENIED** with respect to Discovery Request 6.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge